UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

GREGORY MADDEN, on behalf of
himself and on behalf of all others
similarly situated,

    Plaintiff,

v.                          Case No.:

JUST BELIEVE RECOVERY
CENTER L.L.C, JBRC MEDICAL, LLC,
JUST BELIEVE RECOVERY CENTER
OF PORT SAINT LUCIE, LLC, and
CYNTHIA BELLINO, an individual,

    Defendants.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, GREGORY MADDEN ("Plaintiff"), by and through undersigned counsel, on behalf of himself and on behalf of all others similarly situated, brings this action against Defendants, JUST BELIEVE RECOVERY CENTER L.L.C, JBRC MEDICAL, LLC, JUST BELIEVE RECOVERY CENTER OF PORT SAINT LUCIE, LLC, and CYNTHIA BELLINO, in her individual capacity (collectively "Defendants"), and in support of his claims states as follows:

**JURISDICTION AND VENUE**

1.    This is an action for damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. for failure to pay overtime wages under 29 U.S.C. § 215(a)(3). This Complaint is filed as a collective action under 29 U.S.C. § 216(b).

2.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 201 et seq.

3. Venue is proper in the Southern District of Florida, because all of the events giving rise to these claims occurred in Martin County, Florida, which lies within the Southern District of Florida.

## PARTIES

4. Plaintiff is a resident of Martin County, Florida and former employee of Defendants.

5. Defendant, JUST BELIEVE RECOVERY CENTER L.L.C, is a Florida limited liability company and operates an addiction treatment facility in Jensen Beach, Martin County, Florida.

6. Defendant, JBRC MEDICAL, LLC, is a Florida limited liability company and operates an addiction treatment facility in Jensen Beach, Martin County, Florida.

7. Defendant, JUST BELIEVE RECOVERY CENTER OF PORT SAINT LUCIE, LLC, is a Florida limited liability company and operates an addiction treatment facility in Jensen Beach, Martin County, Florida.

8. Defendant, CYNTHIA BELLINO, is a resident of Martin County, Florida and is the Managing Member and Registered Agent of JUST BELIEVE RECOVERY CENTER L.L.C, JBRC MEDICAL, LLC, JUST BELIEVE RECOVERY CENTER OF PORT SAINT LUCIE, LLC, and numerous other similar companies located in Florida.

## GENERAL ALLEGATIONS

9. Plaintiff has satisfied all conditions precedent, or they have been waived.

10. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

11. Plaintiff requests a jury trial for all issues so triable.

12. At all times material hereto, Named Plaintiff GREGORY MADDEN was employed by Defendants as a Technician.

13. The putative class of similarly situated employees consists of all other Technicians employed by Defendants within the last three years. These similarly situated persons will be referred to as "Members of the Class" or "the Class."

14. At all times material hereto, Plaintiff and Members of the Class were "engaged in the production of goods" for commerce within the meaning of Sections 6 and 7 of the FLSA, and as such were subject to the individual coverage of the FLSA.

15. At all times material hereto, Plaintiff and Members of the Class were "employees" of Defendants, JUST BELIEVE RECOVERY CENTER L.L.C, JBRC MEDICAL, LLC, JUST BELIEVE RECOVERY CENTER OF PORT SAINT LUCIE, LLC, within the meaning of the FLSA.

16. At all times material hereto, Defendants, JUST BELIEVE RECOVERY CENTER L.L.C, JBRC MEDICAL, LLC, JUST BELIEVE RECOVERY CENTER OF PORT SAINT LUCIE, LLC were an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

17. Defendants, JUST BELIEVE RECOVERY CENTER L.L.C, JBRC MEDICAL, LLC, JUST BELIEVE RECOVERY CENTER OF PORT SAINT LUCIE, LLC, continue to be an "employer" within the meaning of the FLSA.

18. At all times material hereto, Defendants, JUST BELIEVE RECOVERY CENTER L.L.C, JBRC MEDICAL, LLC, JUST BELIEVE RECOVERY CENTER OF PORT SAINT LUCIE, LLC, were and continue to be an enterprise covered by the FLSA. See 29 U.S.C. §§ 203(r) and 203(s).

19. At all times relevant to this action, Defendants, JUST BELIEVE RECOVERY CENTER L.L.C, JBRC MEDICAL, LLC, JUST BELIEVE RECOVERY CENTER OF PORT SAINT LUCIE, LLC, engaged in interstate commerce within the meaning of the FLSA. See 29 U.S.C. § 203(s).

20. At all times relevant to this action, the annual gross sales volume of Defendants exceeded $500,000 per year.

21. Defendant, CYNTHIA BELLINO, is the Managing Member and Registered Agent of Defendants, JUST BELIEVE RECOVERY CENTER L.L.C, JBRC MEDICAL, LLC, and JUST BELIEVE RECOVERY CENTER OF PORT SAINT LUCIE, LLC.

22. As part of her duties, Defendant, CYNTHIA BELLINO, supervised Plaintiff, and exercised control over the wages, hours, and working conditions of Plaintiff and Members of the Class.

23. Defendant, CYNTHIA BELLINO, also controlled the payroll practices of Defendants, JUST BELIEVE RECOVERY CENTER L.L.C, JBRC MEDICAL, LLC, and JUST BELIEVE RECOVERY CENTER OF PORT SAINT LUCIE, LLC.

24. Through the exercise of dominion and control over all employee-related matters at Defendants' facility, Defendant, CYNTHIA BELLINO, in her individual capacity, is also an "employer" within the meaning of the FLSA.

25. At all times material hereto, the work performed by Plaintiff and Members of the Class was directly essential to the business performed by Defendants.

## FACTS

26. Named Plaintiff GREGORY MADDEN began working Defendants as a Technician in June 2017, and he worked in this capacity until March 2018.

27. At various times material hereto, Plaintiff and Members of the Class worked hours in excess of forty (40) hours within a work week for Defendants, and they were entitled to be compensated for these overtime hours at a rate equal to one and one-half times their individual regular hourly rate.

28. Defendants failed to pay Plaintiff and Members of the Class an overtime premium for all of their overtime hours, in violation of the FLSA.

29. Defendants' failure to pay Plaintiff and Members of the Class an overtime premium was not accidental. Instead, Defendants' unlawful payroll practices were part of a calculated scheme, orchestrated by Defendants, to avoid paying overtime to its employees.

30. JUST BELIEVE RECOVERY CENTER L.L.C, JBRC MEDICAL, LLC, and JUST BELIEVE RECOVERY CENTER OF PORT SAINT LUCIE, LLC, are all controlled by Defendant, CYNTHIA BELLINO, the Managing Member and Registered Agent. Each company shares the same facility, resources, patients, employees and substantially overlap with each other that there is no meaningful distinction among the three companies.

31. Defendants would require Plaintiff and the Putative Class to work in different areas of Defendants' facility and pay them as if they were working for a different company.

32. For example, during the pay period that ran from October 10 through October 20, 2017, Plaintiff received three different checks from each Defendant company for the same pay period in an attempt by Defendants to fraudulently avoid paying overtime.

    (a) Plaintiff received a check from Defendant, JUST BELIEVE RECOVERY CENTER L.L.C, that compensated Plaintiff for forty-six (46) hours of work.

    (b)    Plaintiff received a check from Defendant, JBRC MEDICAL, LLC, that compensated Plaintiff for approximately twenty (20) hours of work.

    (c)    Plaintiff received a check from Defendant, JUST BELIEVE RECOVERY CENTER OF PORT SAINT LUCIE, LLC, that compensated Plaintiff for approximately thirty-six (36) hours of work.

33. Despite having worked over one hundred (100) hours during this pay period, Defendant failed to pay Plaintiff an overtime premium.

34. By failing to accurately record all of the hours worked by Plaintiff and Members of the Class, Defendants have failed to make, keep, and preserve records with respect to each of its employees in a manner sufficient to determine their wages, hours, and other conditions of employment, in violation of the FLSA. See 29 C.F.R. § 516.2

35. Defendants' actions were willful, and showed reckless disregard for the provisions of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

36. Plaintiff brings this case as an "opt-in" collective action on behalf of similarly situated employees of Defendants (the "Class") pursuant to 29 U.S.C. § 216(b). The Class is composed of Technicians whom Defendants failed to compensate for all overtime hours worked in accordance with the FLSA.

37. Therefore, notice is properly sent to: "All Technicians whom Defendants failed to compensate for all of the overtime hours that they worked from March 2015 to the present."

38. The total number and identities of the Class Members may be determined from the records of Defendants, and the Class may easily and quickly be notified of the pendency of this action.

39. Plaintiff is similar to the Class because he and the Class have been unlawfully denied full payment of their overtime wages as mandated by the FLSA.

40. Plaintiff's experience with Defendants' payroll practices is typical of the experience of the Class.

41. Defendants' failure to pay all overtime wages due at the rates required by the personal circumstances of the named Plaintiff or of the Class is common to the Class.

42. Overall, Plaintiff's experience as a Technician who worked for Defendants is typical of the experience of the Class.

43. Specific job titles or job duties of the Class do not prevent collective treatment.

44. Although the issue of damages can be individual in character, there remains a common nucleus of operative facts concerning Defendants' liability under the FLSA in this case.

## COUNT I – FLSA OVERTIME VIOLATIONS

45. Plaintiff realleges and readopts the allegations of Paragraphs 1 through 45 of this Complaint, as fully set forth herein. Plaintiff brings this action on behalf of himself and all other similarly situated employees in accordance with 29 U.S.C. § 216(b). Plaintiff anticipates that as this case proceeds, other individuals will sign consent forms and join this collective action as plaintiffs.

46. During the statutory period, Plaintiff and the Class worked overtime hours while employed by Defendants, and they were not properly compensated for all of these hours under the FLSA.

47. Defendants failed to compensate Plaintiff and the Class for all of the overtime hours that Plaintiff and the Class worked.

48. The Members of the Class are similarly situated because they were all employed by Defendants as Technicians, were compensated in the same manner, and were all subject to Defendants' common policy and practice of failing to pay its Technicians for all of the overtime hours that they worked.

49. This reckless practice violates the provisions of the FLSA, specifically 29 U.S.C. § 207(a)(1). As a result, Plaintiff and the Members of the Class who have opted into this action are each entitled to an amount equal to their unpaid overtime wages as liquidated damages.

50. All of Defendants' conduct, as alleged and described above, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

51. As a result of the foregoing, Plaintiff and the Class have suffered damages.

**WHEREFORE**, Plaintiff and all similarly situated employees who join this collective action demand:

(a) Designation of this action as a collective action on behalf of Plaintiff and the prospective Class that he seeks to represent, in accordance with the FLSA;

(b) Prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA putative class, apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual consent to sue forms pursuant to 29 U.S.C. § 216(b);

(c) Equitable tolling of the statute of limitations from the date of the filing of this complaint until the expiration of the deadline for filing consent to sue forms under 29 U.S.C. § 216(b);

(d) Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by this Court;

(e) Judgment against Defendants for an amount equal to the unpaid overtime wages of Plaintiff and all opt-in Members of the Class at the applicable overtime rate;

(f) A declaratory judgment stating that the practices complained of herein are unlawful under the FLSA;

(g) Judgment against Defendants for an amount equal to the unpaid back wages of Plaintiff and all opt-in Members of the Class at the applicable overtime rate, as liquidated damages;

(h) Judgment against Defendants stating that their violations of the FLSA were willful;

(i) To the extent liquidated damages are not awarded, an award of prejudgment interest;

(j) All costs and attorney's fees incurred in prosecuting these claims; and

(k) For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 31st day of October, 2018.

        Respectfully submitted,

        /s/ Christopher J. Saba

        **CHRISTOPHER J. SABA**
        Florida Bar Number: 0092016
        Direct Dial: (813) 321-4086
        **PATRICK K. ELLIOTT**
        Florida Bar Number: 1000970
        Direct Dial:
        **WENZEL FENTON CABASSA, P.A.**
        1110 North Florida Avenue, Suite 300
        Tampa, Florida 33602
        Main Number: (813) 224-0431
        Facsimile: (813) 229-8712
        Email: csaba@wfclaw.com
        Email: pelliott@wfclaw.com
        Email: tsoriano@wfclaw.com
        **Attorneys for Plaintiff**